IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KRISTEN CHRISTOPHE**                                                                    **PLAINTIFF**

vs.                                                  CIVIL ACTION NO. 3:22-cv-283-DPJ-FKB

**VARIETY WHOLESALERS, INC.,**
**and JOHN DOES 1-3**                                                                  **DEFENDANTS**

## NOTICE OF REMOVAL

COMES NOW, Variety Wholesalers, Inc. ("Variety" or "Defendant"), by and through counsel, and without waiving any affirmative or other defenses available to it, including those set forth in Rules 8 and 12 of the Mississippi and Federal Rules of Civil Procedure, and hereby files this Notice of Removal of this action from the Circuit Court of the First Judicial District of Hinds County, Mississippi, to the United States District Court for the Southern District of Mississippi, Northern Division, and, in support thereof, would show unto the Court the following:

## COMPLAINT

1. On or about April 26, 2022, Plaintiff filed a Complaint against Variety Wholesalers, Inc. in the Circuit Court of the First Judicial District of Hinds County, Mississippi, being Civil Action No. 25CI1:22-cv-00246-TTG, a copy of which is attached hereto as Exhibit 1.

2. Plaintiff alleges that, on or about April 17, 2021, she sustained bodily injuries and damages after slipping and falling in a retail store owned and operated by the Defendant. *See id.* at ¶ 7. Plaintiff seeks damages for past and future medical expenses, physical pain and suffering, mental and emotional distress, and past and future lost wages. *See id.* at ¶ 16. Plaintiff also seeks punitive damages. *See id.* at ¶ 12 and the Prayer for Relief.

3. This Court has diversity of citizenship jurisdiction over this proceeding, pursuant to 28 U.S.C. §1332, because the parties are completely diverse, and because the amount in

controversy exceeds $75,000.00.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

**A.     This Case is Properly Removable**

4.     This case is properly removable to this Court pursuant to 28 U.S.C. §1441(a), which provides in pertinent part as follows:

> Except as otherwise expressly provided by Act of Congress, [1] any civil action brought in a State court of which the district courts of the United States have <u>original jurisdiction</u>, [2] may be removed by the defendant or the defendants, to the <u>district court of the United States for the district and division embracing the place where such action is pending</u>. . . .

28 U.S.C. §1441(a) (emphasis added).

5.     As will be explained in more detail below, this Court has original jurisdiction (diversity of citizenship jurisdiction) of this case, pursuant to 28 U.S.C. §1332(a), as amended, which provides, in pertinent part, as follows:

> (a)     The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between -
> (1)     citizens of different States. . . .

28 U.S.C. §1332(a).

6.     Additionally, the United States District Court for the Southern District of Mississippi, Northern Division, is the district and division embracing the location of the state court where this suit is currently pending.

**B.     This Removal is Timely**

7.     Pursuant to 28 U.S.C. §1446(b), a notice of removal can be filed within thirty (30) days after receipt by the defendant "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . ." 28 U.S.C. §1446(b)(1).

8. Defendant was served with a copy of the Summons and Complaint on April 29, 2022. See the documents attached as part of Exhibit 2.

9. Because Defendant is removing this case within thirty (30) days from April 29, 2022, removal is proper and timely.

**C.     Required Documents Attached and Notice to Clerk Given**

10. Pursuant to 28 U.S.C. §1446(a), copies of process, pleadings, and orders served on Defendant are attached hereto as Exhibit 2.

11. Pursuant to L.U.Civ.R. 5(b), a true and correct copy of the entire state court record will be filed within 14 days of the filing of this Notice of Removal.

12. Additionally, contemporaneous with the filing of this Notice of Removal, Defendant will file a copy of the same with the Clerk of the Circuit Court of Hinds County, Mississippi, in accordance with 28 U.S.C. §1446(d).

## DIVERSITY JURISDICTION EXISTS

13. As already briefly mentioned, this Court has original diversity jurisdiction over this case, pursuant to 28 U.S.C. §1332(a), because the Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.     Diversity of Citizenship Exists**

14. According to the Complaint, Plaintiff is a resident citizen of the state of Mississippi. *See* Exhibit 1, at ¶ 1.

15. Defendant is a corporation organized and existing under the laws of the State of North Carolina with its principal place of business in the State of North Carolina.

16. Accordingly, the citizenship of Defendant is diverse from the Plaintiff.

17. Plaintiff also named fictional "John Does 1-3" as Defendants. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictional defendants is disregarded for purposes of

determining the existence of diversity of citizenship jurisdiction.

B.      **Amount in Controversy Met**

18.     In her Complaint, Plaintiff seeks an unspecified amount for punitive damages. *See* Exhibit 1. Plaintiff's claim for an unspecified amount of punitive damages alone is sufficient to satisfy the jurisdictional amount. *See e.g. Montgomery v. First Family Financial Services, Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) (noting that federal courts in Mississippi have consistently held that claim for unspecified amount of punitive damages under Mississippi law is deemed to exceed amount necessary for federal jurisdiction); *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001)(same).

19.     In her Complaint, Plaintiff also seeks damages for past and future medical expenses, physical pain and suffering, mental and emotional distress, and past and future lost wages. As such, the amount in controversy exceeds $75,000, exclusive of interest and costs, for this additional reason. *See Jenkins v. Kellogg Co.*, 2009 WL 2005162, at *4 (N.D. Miss. July 6, 2009)(finding that amount in controversy was satisfied where plaintiff sought damages for "medical expenses, mental anguish, emotional distress, pain and suffering, and lost wages"); *see also Holmes v. Citifinancial Mortgage, Co.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006)(noting "Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000").[1] Accordingly, the amount in controversy requirement has been met.

---

[1] The Fifth Circuit Court of Appeals has held it was facially apparent that the amount in controversy requirement was met in other cases with similarly indefinite damage claims. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000) (holding it was facially apparent that amount in controversy requirement was met when plaintiff sought unspecified amount of damages for medical expenses, pain and suffering, loss of enjoyment of life, wages and earning capacity, permanent disability, and disfigurement stemming from slip and fall).

20.     Defendant reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, Defendant requests that this Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the Circuit Court of the First Judicial District of Hinds County, Mississippi, be hereby stayed.

This, the 27th day of May, 2022.

> Respectfully submitted,
>
> **VARIETY WHOLESALERS, INC.**
>
> By: *s/ Clint D. Vanderver*
> Clint D. Vanderver (MSB #101997)
> Its Attorney

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
300 Concourse Boulevard, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:    (601) 605-6900
Facsimile:    (601) 605-6901
cvanderver@wellsmar.com

## **CERTIFICATE OF SERVICE**

I, Clint D. Vanderver, attorney for Variety Wholesalers, Inc., hereby certify that a true and correct copy of the above and foregoing **Notice of Removal** has been forwarded to the following, by depositing the same in the United States Postal Service with the postage prepaid:

Andrew Rueff, Esq.
Lunsford, Baskin & Priebe, PLLC
317 East Capitol Street
Lamar Life Building, Suite 600
Jackson, Mississippi 39201

**ATTORNEY FOR PLAINTIFF**

Zack Wallace, Circuit Clerk        (Via MEC)
Hinds County Circuit Clerk
P.O. Box 327
Jackson, Mississippi 39205

**HINDS COUNTY CIRCUIT COURT CLERK**

This, the 27th day of May, 2022.

> *s/ Clint D. Vanderver*
> Clint D. Vanderver